# EXHIBIT C

Exhibit C

1/22/2020 4:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40189043
By: Joshua Carroll
Filed: 1/22/2020 4:20 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **BABAK SEYEDAIN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Babak Seyedain (hereinafter "Plaintiff"), and complains of Allstate Vehicle and Property Insurance Company (hereinafter "Allstate"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Harris County, Texas, in accordance with Tex. Civ. Prac. & Rem. Code §15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

### III.
### PARTIES

3.      Plaintiff is an individual whose residence is located in Cypress, Harris County, Texas.

4.      Defendant Allstate is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, CT Corporation System, at its registered address, 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever it may be found.

### IV.
### FACTUAL BACKGROUND

5.      Plaintiff is a named insured under a residential property insurance policy issued by Allstate (hereinafter referred to as the "Policy").

6.      On or about August 9, 2018, a storm hit the Harris area and Plaintiff's property located at 12308 Francel Ln., Cypress, TX 77429 (hereinafter referred to as the "Property"), was damaged. Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.

7.      Subsequently, Allstate underpaid Plaintiff's claim.

8.      The adjuster, assigned to the claim by Allstate, conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages identified during the inspection.

9.      More specifically, upon acceptance of the claim by Allstate, Allstate sent out third party to conduct a "virtual inspection" of the property on behalf of Allstate. The third party inspector

---

discovered storm-related damage to the Property and admitted to Plaintiff there was damage to the roof of the property. However, the inspector was unable connect to the Allstate adjuster at the time of the inspection.

10.     The inspector informed Plaintiff there was around $5,000 in covered damage to the property, but then Allstate desk adjuster, Jennifer Jackson, drafted an estimate for only $1,013.06, which fell below our client's deductible.

11.     In an effort of performing his due diligence, Plaintiff sought an additional and competent opinion from BNRB Construction. BNRB Construction found that the total amount to perform this job properly was $55,972.57, not $1,013.06, as Allstate represented.

12.     It is clear that Allstate's unreasonable investigation was the cause of Plaintiff's underpaid claim.

13.     Further, Allstate's performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

14.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Allstate. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

15.     As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CLAIMS AGAINST DEFENDANT

16.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

17.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

18.     All acts by Allstate were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Allstate and were completed in its normal and routine course and scope of employment with Allstate.

### 1. BREACH OF CONTRACT

19.     According to the policy that Plaintiff purchased, Allstate had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

20.     As a result of the storm-related event, Plaintiff suffered significant external and internal damages.

21.     Despite objective evidence of such damages, Allstate has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

### 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

22.     Allstate's collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, §§17.46(b)(5), (7), (12), (24), and §§17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically in violation of §17.46(b), Allstate

collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> *§17.46(b)(5)* - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

> *§17.46(b)(7)* - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;

> *§17.46(b)(12)* - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

> *§17.46(b)(24)* - Failing to disclose information concerning goods or services which  was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

23.     Moreover, and specifically in violation of §17.50(a), Allstate collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to his detriment, in addition to engaging in the following:

> *§17.50(a)(3)* - An unconscionable action or course of action; and

> *§17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

24.     As described in this Original Petition, Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under §17.46(b)(5) of the DTPA.

25.     As described in this Original Petition, Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of §17.46(b)(7) of the DTPA.

---

26.     By representing that Allstate would pay the entire amount needed by Plaintiff to repair the damages caused by the storm event and then not doing so, Allstate has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

27.     Allstate's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff the right to relief under §17.50(a)(3) of the DTPA.

28.     Allstate's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of §17.50(a)(4) of the DTPA.

29.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Allstate. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Allstate to his detriment. As a direct and proximate result of Allstate's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Allstate are a producing cause of Plaintiff's damages that are described in this Original Petition.

30.     Since Allstate's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Allstate having knowingly committed its conduct. Additionally, Plaintiff is

---

ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Allstate having intentionally committed such conduct.

31.     As a result of Allstate's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under §17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

### 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. CHAPTER 541

32.     Allstate's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under, §541.051, it is an unfair and deceptive act or practice in the business of insurance to:

> *§541.051(1)(A)* - Making statements misrepresenting the terms of the policy; and

> *§541.051(1)(B)* - Making statements misrepresenting the benefits of the policy.

33.     Continuing in violation of §541.060(a), Allstate engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

> *§541.060(a)(1)* - Misrepresenting a material fact or policy provision relating to coverage;

> *§541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

> *§541.060(a)(2)(B)* - Failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of the coverage;

---

*§541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*§541.060(a)(4)(A)* - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

*§541.060(a)(4)(B)* - Failing to submit a reservation of rights to a policyholder;

*§541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the policy; and

*§541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

34.   Further, Allstate violated §541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*§541.061(1)* - Making an untrue statement of material fact;

*§541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*§541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

*§541.061(4)* - Making a material misstatement of law; and

*§541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

B. CHAPTER 542

35.   Allstate's actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. §542.003

of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of Allstate to date, Allstate has thus far committed the following prohibited practices:

> §542.003(b)(1) - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;
>
> §542.003(b)(2) - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;
>
> §542.003(b)(3) - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;
>
> §542.003(b)(4) - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and
>
> 542.003(b)(5) - Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

36.    Allstate has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims. More specifically, Allstate committed the following violations:

> §542.055(a)(1) - Failing to acknowledge receipt of Plaintiff's claim within 15 days after State Farm received notice of Plaintiff's claim;
>
> §542.055(a)(2) - Failing to commence an investigation of Plaintiff's claim within 15 days after State Farm received notice of Plaintiff's claim;
>
> §542.055(a)(3) - Failing to request from the Plaintiff all items, statements, and forms that State Farm reasonably believes , at the time, was required from Plaintiff, within 15 days after State Farm received notice of Plaintiff's claim;

---

*§542.056(a)* - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date State Farm received all items, statements, and forms required for State Farm to secure final prof of loss;

*§542.057(a)* - After notifying Plaintiff that it would pay the claim, failure to pay the claim or part of a claim within the fifth business day the notice was made; and

*§542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under §542.055, State Farm delayed payment of the claim for a period exceeding the period more than 60 days.

37.    As a result of the above-referenced violations and acts committed by Allstate, and in accordance with §542.060 of the Texas Insurance Code, Allstate is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under §304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this sub§as damages accrues beginning on the date the claim was required to be paid.

38.    Since a violation of the Chapter 541 of the Texas Insurance Code is a direct violation of the DTPA, and because Allstate's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Allstate having knowingly committed such conduct.

39.    Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Allstate having intentionally committed such conduct.

40.     As a result of Allstate's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his court costs, reasonable and necessary attorneys' fees as permitted under §17.50(d) of the Texas Business & Commerce Code or §541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## 4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

41.     Allstate has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Allstate's coverage decision.

## VI.
## WAIVER AND ESTOPPEL

42.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

43.     Allstate has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

44.     Allstate's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

45.     More specifically, Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

46.     Furthermore, Allstate's conduct was committed knowingly and intentionally. Accordingly, Allstate is liable for additional damages under §17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by §542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

47.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## IX.
## JURY DEMAND

48.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## X.
## WRITTEN DISCOVERY PROPOUNDED TO Allstate

A. REQUEST FOR DISCLOSURE

49.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Allstate disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

B. REQUEST FOR PRODUCTION

50.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

a.      Please produce Allstate complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.      Please produce the CV of the individual responding to these discovery requests.

c.      Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

d.      Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

e.      Please produce the electronic diary, including the electronic and paper notes made by Allstate claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

f.      Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

g.      Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

h.      Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

i.      Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

j.      Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Allstate intends to offer these items into evidence at trial.

## C. INTERROGATORIES

51.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

---

a.    Please identify any person Allstate expects to call to testify at the time of trial.

b.    Identify the individual responding to these discovery requests on behalf of Defendant, including his or her name, current occupation, and role in the Claim;

c.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

d.    If Allstate or Allstate's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Allstate or any of Allstate's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

e.    Please identify by date, author and result the estimates, appraisals, engineering, mold and other reports generated as a result of Allstate's investigation.

f.    Please state the following concerning notice of claims and timing of payment:

      i.    The date and manner in which Allstate received notice of the claim;
      ii.    The date and manner in which Allstate  acknowledged receipt of the claim;
      iii.    The date and manner in which Allstate commenced investigation of the claim;
      iv.    The date and manner in which Allstate  requested from the claimant all items, statements, and forms that Allstate reasonably believed, at the time, would be required from the claimant; and
      v.    The date and manner in which Allstate notified the claimant in writing of the acceptance or rejection of the claim.

g.    Please identify by date, amount and reason, the insurance proceed payments made by Allstate, or on Allstate's behalf, to the Plaintiff.

h.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

i.    When was the date Allstate anticipated litigation?

j.      Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Allstate's document retention policy.

k.      Does Allstate contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

l.      Does Allstate contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

m.      Does Allstate contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

n.      How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

     i.      what performance measures are used; and
     ii.     describe Allstate's bonus or incentive plan for adjusters.

## XI.
## CONCLUSION AND PRAYER

51.     Plaintiff prays that judgment be entered against Allstate Vehicle and Property Insurance Company, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Allstate Vehicle and Property Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

PLAINTIFF BABAK SEYEDAIN'S ORIGINAL PETITION                                    Page 15

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ *Chris Schleiffer*

Chris Schleiffer
Texas Bar No. 24088362
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
chris@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**

Marilyn Burgess - District Clerk Harris County
Envelope No. 41301239
By: Cynthia Clausell-McGowan
Filed: 3/2/2020 3:16 PM

CAUSE NO. 202004302

| | |
|---|---|
| BABAK SEYEDAIN, | IN THE DISTRICT COURT |
| Plaintiff, | |
| | |
| v. | |
| | 189TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND | |
| PROPERTY INSURANCE COMPANY, | |
| Defendant. | HARRIS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

## I.  GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.  SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiff's failed to give the notice required by §542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees

Seyedain vs. Allstate
Defendants' Original Answer and Request for Disclosure
0537809790.1

Page 1 of 4

incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.  JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic

Seyedain vs. Allstate
Defendants' Original Answer and Request for Disclosure
0537809790.1

Page **2** of **4**

service email address, and service through any other email address will be considered invalid.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL MAUS**
TBN: 24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Seyedain vs. Allstate
Defendants' Original Answer and Request for Disclosure
0537809790.1

Page **3** of **4**

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 2nd day of March, 2020, to:

Chris Schleiffer
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
chris@vosslawfirm.com
Attorney for Plaintiff

*VIA E-SERVE*

**MICHAEL MAUS**

Seyedain vs. Allstate
Defendants' Original Answer and Request for Disclosure
0537809790.1

Page **4** of **4**